IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JOSE CASTRO,

Petitioner,

V

CR-04-61
William E Smith

UNITED STATES OF AMERICA.

Respondent.

______________________________/

MOTION FOR THE APPOINTMENT OF COUNSEL TO COMPLY WITH THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Jose Castro the Petitioner herein named and appearing pro-se hereby motions this court to appoint counsel under the provisions of Title 18 U S C §3006 and in support thereof states as follows;

1. Petitioner was indicted in the State of Rhode Island for a violation of various drug laws:

2. Petitioner entered into a guilty plea agreement Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure in which the petitioner plead guilty to Count 1 and 2 of the indictment; specifically petitioner's plea agreement was for the intentional possession with intent to distribute 500 grams of Cocaine in violation of 21 U S C §841 (a)(1) and (b)(1)(B) and for possession with the intent to distribute marijuana in violation of 21 U.S C §841(a)(1) and (b)(1)(D)

3. Under the provisions of the plea agreement petitioner was advised that he could appeal any sentence that exceeded level 28 under the Sentencing Guidelines and that the Government would recommend the lower end of any applicable Guidelines which would have resulted in the petitioner receiving a total sentence of 120 months;

4. Petitioner received a sentence of 200 months which breached the plea agreement and, in addition, counsel has not advised the petitioner that an appeal has been filed in the instant case.

5. Petitioner seeks to submit a post conviction motion to the courts under the provisions of Title 28 U.S.C.§2255, on the grounds advanced herein and other that may form a basis for relief and seeks the assistance of counsel as set forth within;

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel for his defense." See Gideon v Wainwright, 372 U.S. 335 (1963). See also Powell v Alabama, 287 U.S. 45, 60, 64-65 at 68-69 ( "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law." Subsequent to these decisions, the Court, in the case of Gilbert v. California 388 U.S. 263 (1967) that a defendant is entitled to the assistance of counsel at "any critical stage of the proceeding" any time when "the absence of counsel might derogate from the right to a fair trial "

Under the present scheme of §2255 the AEDPA has created a "critical" stage of the proceeding, requiring the guiding hand oc counsel. The

AEDPA requires an individual who has been convicted and sentenced to bring forth his claims under §2255 within one year of his conviction becoming final, thereby requiring the assistance of counsel. To hold otherwise would require an individual to learn the law, write his brief and submit it to the court within one year when it takes several years for learned counsel to acquire the skill and knowledge necessary to advance a claim to the courts. In addition, current policy of the Bureau of Prisons does not allow an inmate to possess several critical documents that are necessary to submitt a claim under §2255, to include plea, sentencing transcripts, Presentence reports, Judgment and Committment papers, etc. Thereby making it virtually impossible for an individual to gain adequate access to the courts. In addition, some courts have held that the failur to raise an issue on appeal or in a previous §2255 motion could forclose further review by the courts (Tolliver v Dobre, 211 F 3d 876, 878 (5th. Cir 2000); Moore v. Reno, 185 F 3d 1054, 1055 (9th. Cir. 1999); Caravaloh v Pugh, 177 F 3d 1177, 1179 (10th. Cir. 1999), placing further emphasis on the need for counsel as part of the continued criminal process, since failure to raise an issue is predicated on ones ability to recognize what issues should be raised. Indeed, this is a critical stage of the proceeding for the petitioner in this instant petition.

WHEREFORE, petitioner prays that he is entitled to the assistance of counsel under the due process clause of the constitution and that he is further entitled to counsel in the interest of justice and as justice so demands.

Respectfully submitted,

Dated 5-12-06

Jose Castro, pro-se
05467-070
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837