UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE CASTRO, Petitioner, | : | |
| v. | : | CR 04-61 S |
| UNITED STATES OF AMERICA, Respondent | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION**
**FOR APPOINTMENT OF COUNSEL**

Before the Court is a Motion for the Appointment of Counsel to Comply with the Antiterrorism and Effective Death Penalty Act of 1996 (Document ("Doc.") #37) ("Motion for Appointment of Counsel" or "Motion") filed by Petitioner Jose Castro ("Petitioner"). In the Motion, Petitioner alleges that after pleading guilty to charges contained in the above numbered indictment he received a sentence of 200 months. See Motion at 1-2. He further alleges that this sentence "breached the plea agreement ...," id. at 2, and that he seeks to file a petition pursuant to 28 U.S.C. § 2255 to obtain relief, see id.

The United States Court of Appeals for the First Circuit has cautioned that circumstances warranting the appointment of counsel in a section 2255 case will be "rare." United States v. Gonzalez-Vazquez, 219 F.3d 37, 42 (1st Cir. 2000)(quoting United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993)); see also Ellis v. United States, 313 F.3d 636, 653 (1st Cir. 2002)(stating that "such cases are few and far between"). After reviewing the Motion, the Court concludes that the appointment of counsel is not warranted in this case as it appears from the face of the Motion that a petition pursuant to section 2255 is time barred.

Title 28, section 2255 requires that such petitions be

brought within one year of "the date on which the judgment of conviction becomes final ...." See 28 U.S.C. § 2255. Judgment against Petitioner was entered on February 10, 2005. See Judgment (Doc. #34). He did not pursue a direct appeal. See Docket. Thus, the judgment became final either on February 10, 2005, see United States v. Ciampi, 419 F.3d 20, 23 n.2 (1st Cir. 2005)("As [defendant] failed to appeal from the gambling conviction, the one-year period commenced in March 2000, when the court entered judgment on the plea agreement."); see also Derman v. United States, 298 F.3d 34, 41 (1st Cir. 2002)("If one convicted of a crime takes no action to perfect his right to appeal, the statute of limitations begins to run from the date of final conviction.")(quoting Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992)), or, at the latest, following the ten day window to appeal his case to the Court of Appeals, see United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005)(citing Fed. R. App. P. 4(b)(1)(A)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.")); Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004)("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.").

Petitioner has yet to file his petition pursuant to section 2255. Even if the Court were to treat the instant Motion as the Petition for purposes of the one year statute of limitations, it is still time barred. The Motion reflects it was signed by Petitioner on May 12, 2006. See Motion at 3. The Court received

it on May 18, 2006.[1] Thus, the Motion was filed several weeks after the expiration in February of 2006 of the one year statute of limitations.

In summary, the Court sees no reason to appoint counsel to prepare a petition which is barred by the statute of limitations. Accordingly, the Motion for Appointment of Counsel is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
May 30, 2006

BY ORDER:

Deputy Clerk

---

[1] It appears that Petitioner attempted to file an unsigned copy of the instant Motion on May 8, 2006, but that it was not accepted because of the absence of his signature. <u>See</u> Doc. #36. Even if the earlier document had been signed and accepted, the result here would be no different. The earlier document was also outside the one year statute of limitations.