UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE CASTRO,<br>Petitioner, | : | |
| v. | : | CR 04-61 S |
| UNITED STATES OF AMERICA,<br>Respondent. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

Before the Court is a motion filed by Petitioner Jose Castro ("Petitioner") for reconsideration of the Court's May 30, 2006, memorandum and order denying his motion for appointment of counsel. See Motion to Amend Judgment under the Provisions of Rule 59 of Civ.R.P [sic] or Alternatively Rule 60(b) (Document ("Doc.") #39) ("Motion for Reconsideration"); see also Memorandum and Order Denying Motion for Appointment of Counsel (Doc. #38) ("Memorandum and Order of 5/30/06"). In essence, Petitioner argues that this Magistrate Judge erred in concluding that "the appointment of counsel is not warranted in this case as it appears from the face of the Motion that a petition pursuant to [28 U.S.C.] section 2255 is time barred," Memorandum and Order of 5/30/06 at 1, "without establishing whether the Petitioner could show cause and prejudice for not seeking relief sooner," Motion for Reconsideration at 1-2, and "not inquiring whether equitable tolling applied in the instant case," id. at 2. Petitioner further argues "that it was thru [sic] governmental actions and ineffective assistance of counsel that petitioner could not have filed sooner," id., and suggests that these circumstances make him eligible for equitable tolling, see id. He asks that the Court allow him "the opportunity to develop[] the record and establish if he is entitled to relief and further that counsel should be appointed [fo]r the purpose of assisting the petitioner

in presenting these [ma]tters before the court ...." Id.

The Court is unpersuaded for four reasons that its prior ruling was in error. First, the Court has found no authority to support Petitioner's implicit contention that, before denying a motion for appointment of counsel in a § 2255 case where the relief sought appears to be time barred, the Court must initially determine whether the Petitioner can show cause and prejudice for not seeking relief sooner. Such a requirement seems at odds with the First Circuit's admonition that circumstances warranting the appointment of counsel in a § 2255 case will be "rare," United States v. Gonzalez-Vasquez, 219 F.3d 37, 42 (1st Cir. 2000) (quoting United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993)); see also Ellis v. United States, 313 F.3d 636, 653 (1st Cir. 2002)(stating that "such cases are few and far between"). The procedure advocated by Petitioner would transform every request for appointment of counsel in a § 2255 case into an extended proceeding, perhaps requiring an evidentiary hearing, and would significantly delay the resolution of such requests. In the absence of clear authority that such extraordinary procedure is required, the Court declines to adopt that protocol here.

Second, even putting aside the time bar barrier, it does not appear that Petitioner has a potentially meritorious claim for relief. The record reflects that Petitioner signed a written Plea Agreement (Doc. #23), that he pled guilty to the indictment, see Docket, that the Government recommended a sentence of 262 months, see Transcript of 1/21/05 Hearing ("Tr.") at 15, which was at the low end of the guideline range for Petitioner's Offense Level of 34, see id. at 14, that District Judge William E. Smith rejected the Government's recommendation, see id. at 34, and that he departed downward to impose a sentence of 200 months, see id. at 36. Given that the Court of Appeals "lack[s]

jurisdiction to review a discretionary decision not to depart on the facts of the particular case," United States v. Burdi, 414 F.3d 216, 220 (1st Cir. 2005)(internal quotation marks omitted); see also United States v. Puckett, 422 F.3d 340, 345 (6th Cir. 2005)(noting Burdi holding), it would seem equally true that the Court of Appeals lacks jurisdiction to review the extent of a discretionary downward departure, cf. United States v. Cooper, 437 F.3d 324, 333 (3rd Cir. 2006)(concluding that "the Supreme Court's decision in Booker does not compel us to reverse this precedent"[1]). Thus, even if Petitioner's claim is not time barred, the relief which he presumably seeks, review of his sentence by the Court of Appeals, is foreclosed because that court lacks jurisdiction to review the extent of the trial justice's discretionary downward departure.[2]

---

[1] The "precedent" to which the Cooper court referred included the Third Circuit's holding that it did not "review appeals by defendants challenging the extent of a downward departure," United States v. Cooper, 437 F.3d 324, 332 (3rd Cir. 2006) (citing United States v. Khalil, 132 F.3d 897, 898 (3rd Cir. 1997)).

[2] It is true that the Plea Agreement (Doc. #23) reflects that Petitioner agreed to waive his right to file a direct appeal "if the Offense Level under the guidelines as determined by the sentencing court is level 28 or lower," Plea Agreement at 6, and that Judge Smith, before making a downward departure, found that the career offender provisions of the Sentencing Guidelines increased Petitioner's Offense Level "from a 25 to a 37 and ultimately a 34 with its reduction for acceptance of responsibility." Transcript of 1/21/05 Hearing ("Tr.") at 31. However, Petitioner did not file an objection to the presentence report (which had determined his Offense Level to be level 34), and his counsel stated at the sentencing hearing that Petitioner had no objection to the "contents of the report ...," Tr. at 3. Indeed, Petitioner's counsel appeared to concede the correctness of the level 34 determination. See Tr. at 21 ("This is a case where but for the career criminal section of the guidelines this defendant would be facing in the area of 120 to 125 months based on his criminal history.").

Thus, to the extent that Petitioner wishes to challenge the determination that his Offense Level was a level 34 before the downward departure, he failed to preserve this claim. "[F]or a court of appeals to notice and correct an error not objected to in the district court, '[t]here must be an "error" that is "plain" and that

Third, National Metal Finishing Co. v. Barclaysamerican /Commercial, Inc., 899 F.2d 119 (1st Cir. 1990), which Petitioner cites in support of his Motion, is distinguishable. In that case the movant "[r]efer[red] in detail to specific testimony and documentary evidence ...," id. at 121, which persuaded the district court that it had "clearly erred," id. at 122, in its ruling, see id. Here, in contrast, Petitioner has provided no details to support his claim that he could not have filed sooner because of "governmental actions and ineffective assistance of counsel ...." Motion for Reconsideration at 2.

Finally, while Petitioner's arguments have been unpersuasive, his filings seeking the appointment of counsel, see Motion for the Appointment of Counsel to Comply with the Antiterrorism and Effective Death Penalty Act of 1996 (Doc. #37); Motion for Reconsideration (Doc. #39), nevertheless reflect an above average ability to express himself in writing and to communicate with the Court. Thus, this is not a case where without the appointment of counsel the petitioner will be unable to proceed on a pro se basis and a potentially meritorious claim will be extinguished. Petitioner remains free to proceed with

---

"affect[s] substantial rights."'" United States v. Brennick, 405 F.3d 96, 100-01, (1st Cir. 2005)(second and third alterations in original)(quoting United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005)(quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993))). "Once these three requirements are met, 'the court of appeals then has discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."'" Id. (quoting Antonakopoulos, 399 F.3d at 77 (quoting Olano, 507 U.S. at 736, 113 S.Ct. 1170)). Petitioner has offered nothing to suggest that the determination that his Offense Level was 34 was erroneous, let alone plainly erroneous.

Additionally, although Petitioner asserts that he "received a sentence of 200 months which breached the plea agreement ...," Motion for the Appointment of Counsel to Comply with the Antiterrorism and Effective Death Penalty Act of 1996 (Doc. #37) at 2, this Court has reviewed the Plea Agreement and the transcript of Petitioner's sentencing. The Court sees no violation of the Plea Agreement by the imposition of a sentence of 200 months.

his petition notwithstanding the barriers that lie in his path.

In light of all the circumstances in this case, the Court is unpersuaded that the interests of justice require that counsel be appointed. Accordingly, the Motion for Reconsideration is DENIED.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
July 18, 2006

BY ORDER:

Deputy Clerk